UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILL STEWART,

      Petitioner,

                                CASE NO. 2:10-CV-12239
v.                           JUDGE LAWRENCE P. ZATKOFF
                                MAGISTRATE JUDGE PAUL KOMIVES

C. ZYCH,

      Respondent.
                             /

**REPORT AND RECOMMENDATION ON: (1) PETITIONER'S HABEAS APPLICATION (docket #1); (2) PETITIONER'S MOTION FOR RESTRAINING ORDER (docket #18); and (3) THE MOTIONS OF JIMMY JOINER, WOODIE SMITH, BRYAN KILLIAN, AND JERON WHITEHEAD TO INTERVENE (docket #7, 8, 14 & 15)**

I.    RECOMMENDATION: The Court should dismiss as moot petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also conclude that petitioner's motion for restraining order is moot, as are the motions of four prisoners to intervene. Finally, the Court should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Will Stewart is a federal prisoner, who was sentenced to a term of 70 months' imprisonment and five years' supervised release following his convictions for transporting an undocumented alien for financial gain, 8 U.S.C. § 1324(a)(1)(B)(I), and conspiracy to possess with intent to distribute over 100 kilograms of cocaine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), 846, in the United States District Court for the Southern District of Texas. On June 8, 2010, petitioner filed a

*pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner's application challenges the Bureau of Prison's regulations governing eligibility for placement in community corrections centers ("CCC"), also known as residential reentry centers ("RRC") or halfway houses. For the reasons that follow, the Court should conclude that petitioner's action is moot.

B.    *Analysis*

Until recently, the regulations governing RRC placement categorically limited the BOP's authority to designate an inmate to a CCC until the last 10% of the inmate's sentence, and limited such placement to no more than six months. *See* 28 C.F.R. §§ 570.20-.21. Four circuit courts, the only appellate courts to have considered the issues, concluded that the BOP's regulations conflict with the plain language of 18 U.S.C. § 3621(b), which grants the BOP discretion to designate the prisoner's place of confinement but requires that the BOP, in exercising this discretion, consider five specific factors relating to the individual prisoner. *See* 18 U.S.C. § 3621(b); *see Wedelstedt v. Wiley*, 477 F.3d 1160, 1166-68 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bur. of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005). In response to these decisions, Congress enacted and the President signed into law the Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008). As explained by another court:

> Relevant to the issues presented here, the Act amended 18 U.S.C. § 3624(c). Amended section 3624(c)(1) authorizes the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment. Amended section 3624(c)(4) also states that nothing in section 3624 "shall be construed to limit or restrict the authority of

---

[1]Petitioner's application is titled "Motion Pursuant to 28 USCS § 1331 Federal Question Statute and 5 USCS § 706 Improper Procedure." It is clear from petitioner's pleading that he seeks release from imprisonment of the type only available through a writ of habeas corpus under § 2241. In any event, petitioner's action is moot regardless of how characterized, for the reasons explained below.

2

> the Director or of the Bureau of Prisons under [18 U.S.C. § 3621, the statute empowering the BOP to take a convict into custody and designate a place of imprisonment.]" The Act requires the BOP to issue new RRC regulations within 90 days. 18 U.S.C. § 3624(c)(6) (amended).
>
> In accordance with the Second Chance Act, on April 14, 2008, the BOP issued an interim policy memorandum on RRC placement considerations. The memorandum states that the "categorical timeframe limitations on prerelease community confinement" found in 28 C.F.R. §§ 570.20 and 570.21 (i.e., the ten percent limit that Petitioner challenges in this petition) "are no longer applicable and must no longer be followed." The memorandum further requires that RRC placement decisions be made on an individual basis with reference to the five-factor criteria set out in section 3621(b). Inmates previously denied RRC placement, such as Petitioner, were to be reconsidered under the standards set out in the memorandum.

*Montes v. Sanders*, No. CV 07-7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008).

Pursuant to the Second Chance Act, the BOP conducted an individualized review in petitioner's case, and determined that a 180-day RRC placement was appropriate in his case. *See* Pet'r's Br., Ex. 1. Petitioner contends that this decision conflicts with the statute, and that he is entitled to a 12-month placement. However, petitioner's claim is now moot.

Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477.

*See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (alternation in original). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court

unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

The administrative response to petitioner's grievances indicate that following his Second Chance Act review petitioner was approved for RRC placement to commence on August 24, 2010. *See* Gov't's Br., Ex. 7. Further, the Bureau of Prisons maintains an on-line Inmate Locator Service which allows the public to track the location of federal inmates. This service indicates that petitioner is now incarcerated in a community corrections facility, under the supervision of Community Corrections Management in Chicago. Pursuant to FED. R. EVID. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See Herl v. Federal Bureau of Prisons*, No. 06-CV-13843, 2008 WL 544955, at *1 (E.D. Mich. Feb. 25, 2008) (Steeh, J.); *Munro v. Eichenlaub*, No. 07-CV-15043, 2007 WL 4287547, at *1 n.1 (E.D. Mich. Dec. 5, 2007) (O'Meara, J.). Because he is now housed in a CCC, his habeas application requesting individualized consideration for CCC placement is moot. *See Marshek v. Eichenlaub*, 266 Fed. Appx. 392, 392-93 (6th Cir. 2008); *Brock v. United States Dep't of Justice*, 256 Fed. Appx. 748, 750-51 (6th Cir. 2007); *Chhibba v. Federal Bureau of Prisons*, 154 Fed. Appx. 279, 280 (3d Cir. 2005). Accordingly, the Court lacks jurisdiction over the petition.

And because the Court lacks jurisdiction over the petition on the grounds of mootness, petitioner's motion for restraining order and the motions of four other prisoners to intervene are likewise moot. *See National Bulk Carriers, Inc. v. Princess Mgmt.*, 597 F.2d 819, 825 n. 13 (2d Cir. 1979) (denying motion to intervene as moot where the underlying action had terminated); *Kruse v. Wells Fargo Home Mortgage, Inc.*, No. 02 CV 3089, 2006 WL 1212512, at *9 (E.D.N.Y. May 3,

2006) ("Since the original named plaintiffs' claims are moot, and it would be improper to permit intervention to 'breath life into a non-existent lawsuit,' the case is dismissed with prejudice.").

C. *Conclusion*

In view of the foregoing, the Court should dismiss as moot petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also conclude that petitioner's pending motion for restraining order and the motions to intervene filed by Jeron Whitehead, Bryan Killian, Jimmy Joiner, and Woodie Smith are likewise moot. Finally, if the Court accepts this recommendation, the Court should also conclude that petitioner is not entitled to a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE

Dated: 11/16/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on November 16, 2010.
>
>                               s/Eddrey Butts
>                               Case Manager